IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

  v.

**MICHAEL EDMUND DANGERFIELD,**

      Defendant.

No. 1:17-cr-00126-AA-1

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on Defendant Michael Edmund Dangerfield's Motion for Modification of an Imposed Term of Imprisonment. ECF Nos. 48. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On April 9, 2018, Defendant pleaded guilty to one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No. 32. Defendant entered this plea as part of a negotiated agreement with the Government. ECF No. 34. On July 19, 2018, Defendant was sentenced to 96 months with three years of supervised release. ECF Nos. 43, 47.

## DISCUSSION

Defendant's Motion, ECF No. 48, seeks a reduction in Defendant's sentence pursuant to the First Step Act. Generally, a federal court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). But this rule is subject to several exceptions, "one of which

provides courts the discretion to grant a prisoner compassionate release when certain conditions are met." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). In addition to the exhaustion of administrative remedies, a court must be satisfied that (1) "extraordinary and compelling reasons warrant such a reduction," and must (2) consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* at 1283-84. Although courts must consider each step when granting a motion for compassionate release, "a district court that properly *denies* compassionate release need not evaluate each step." *Id.* at 1284 (emphasis in original).

In support of his Motion, Defendant points to his accomplishments while incarcerated and to the prison lockdowns related to the COVID-19 pandemic, which have increased the rigorousness of Defendant's confinement. The Court concludes that this does not satisfy the requirement that there be extraordinary and compelling reasons warranting a reduction in Defendant's sentence. Accordingly, the Court need not examine the § 3553(a) factors and Defendant's Motion is DENIED.

It is so ORDERED and DATED this  31st  day of August 2022

 /s/Ann Aiken
ANN AIKEN
United States District Judge